WILSON v. JEFFERSON-GREEN, INC.

[136 N.C. App. 824 (2000)]

———

JANICE WILSON, Plaintiff v. JEFFERSON-GREEN, INC. d/b/a CHOICE REALTY, Defendant and Third Party Plaintiff v. BEVERLY ROUSE, SONYA DONALDSON-BATES, Third Party Defendants

No. COA99-738

(Filed 7 March 2000)

**Jurisdiction— matter exceeding magistrate's dollar amount— district court dismissal**

The district court erred in dismissing plaintiff's claims based on lack of jurisdiction and venue because plaintiff's claims do not meet the requirements necessary to be heard in small claims court since: (1) plaintiff did not request that her claim be heard by a magistrate as required by N.C.G.S. § 7A-210(3); and (2) the amount in controversy is above the $3,000 monetary amount established in N.C.G.S. § 7A-210(1) for a small claim action, but less than the $10,000 requirement for an action in superior court under N.C.G.S. § 7A-243.

Appeal by plaintiff from orders entered 30 December 1998 and 9 March 1999 by Judge J. Henry Banks in Vance County District Court. Heard in the Court of Appeals 21 February 2000.

WILSON v. JEFFERSON-GREEN, INC.

[136 N.C. App. 824 (2000)]

Plaintiff Janice Wilson instituted this action on 13 June 1997 against defendant Jefferson-Green, Inc. d/b/a Choice Realty, seeking a rent abatement, consequential damages and lost wages for defendant's alleged violations of the Residential Rental Agreements Act. The alleged violations included failure to comply with the Housing Code of the City of Henderson, failure to make repairs necessary to put and keep the rented premises in a fit and habitable condition, and failure to maintain in a good and safe working order and promptly repair all electrical and plumbing facilities supplied by defendant as required by N.C. Gen. Stat. § 42-42 (1994). Plaintiff also sought to recover treble damages for unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-16. Defendant answered, denying the material allegations of the complaint and setting forth several defenses, including the lack of subject matter jurisdiction and improper venue or division pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) and (3). Defendant amended its answer to include Beverly A. Rouse and Sonya Donaldson-Bates as third-party defendants.

After hearing the arguments of both parties and examining the evidence, the trial court entered an order and dismissed plaintiff's complaint for lack of jurisdiction and lack of venue, concluding:

1. That there was a landlord-tenant relationship between the Plaintiff and the Defendant pursuant to N.C.G.S. 42-42.

2. That N.C.G.S. 7A-210(2) designates the Small Claims Division as the place of original jurisdiction in controversies including landlord-tenant relationship.

On 7 January 1999, plaintiff moved for a new trial pursuant to N.C. R. Civ. P. 59 on the grounds that plaintiff's claims exceeded the monetary requirement of small claim actions in district court. The trial court denied plaintiff's motion on 9 March 1999. Plaintiff appeals.

*North Central Legal Assistance Program, by E.N. Bagshawe, for plaintiff-appellant.*

*No brief filed for defendant-appellee and third-party plaintiff.*

*No brief filed for third-party defendants.*

EAGLES, Chief Judge.

Plaintiff contends the trial court erred in dismissing her claims based on lack of jurisdiction and venue and in not remedying this

error pursuant to N.C.G.S. § 1A-1, Rule 59(a) (1990). We agree and remand this action to the district court.

As a general rule, superior and district courts possess concurrent jurisdiction "of all justiciable matters of a civil nature." N.C. Gen. Stat. § 7A-240 (1995). District court is the proper division for trials of civil actions where the amount in controversy is $10,000.00 or less. N.C. Gen. Stat. § 7A-243 (1995). Furthermore, an action may be brought in the district court as a small claim if:

(1) The amount in controversy, computed in accordance with G.S. 7A-243, does not exceed three thousand dollars ($3,000); *and*

(2) The only principal relief prayed is monetary, or the recovery of specific personal property, or summary ejectment, or any combination of the foregoing in properly joined claims; *and*

(3) The plaintiff has requested assignment to a magistrate in the manner provided in this Article.

N.C. Gen. Stat. § 7A-210 (1995) (emphasis added).

N.C. Gen. Stat. § 7A-243(2) provides, inter alia, that "[w]here monetary relief is prayed, the amount prayed for is in controversy unless the pleading in question shows to a legal certainty that the amount claimed cannot be recovered under the applicable measure of damages." G.S. 7A-243(2). Also, "[w]here there are two or more claims not subject to aggregation the highest claim is the amount in controversy." G.S. 7A-243(4)d.

Plaintiff's civil action does not meet the three requirements necessary to have her case be heard in small claims court. First, plaintiff did not request that her claim be heard by a Magistrate as required by N.C. Gen. Stat. § 7A-210(3). Second, the amount in controversy for plaintiff's claims is above the monetary amount established in N.C. Gen. Stat. § 7A-210(1). Plaintiff sought monetary damages of $1,051.21 from defendant's alleged failure to fix the apartment's plumbing and $3,105 in lost wages. Thus, the amount in controversy for plaintiff's claims is in excess of the $3,000 requirement for a small claim action, but is less than the $10,000 requirement for an action in the superior court. As such, plaintiff's claims, if proven, are within the jurisdiction of the district court. Accordingly, the district court erred in concluding that it lacked jurisdiction to hear these claims and that they were properly addressed before a magistrate in a small claims proceeding.

Because we reverse and remand the trial court's order dismissing plaintiff's action, we do not find it necessary to discuss plaintiff's assignment of error that the trial court's conclusion that "N.C.G.S. 7A-210(2) designates the Small Claims Division as the place of original jurisdiction in controversies including landlord-tenant relationship" was erroneous. Also, a trial court's conclusions of law are disregarded on appeal, since it is not necessary for the trial court to enter conclusions of law on a motion to dismiss. *United Virginia Bank v. Air-Lift Associates*, 79 N.C. App. 315, 339 S.E.2d 90 (1986).

Reversed and remanded.

Judges WALKER and SMITH concur.